UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMEL ARCILICIA TAYLOR,<br><br>           Plaintiff,<br><br>     v.<br><br>CITY OF SACRAMENTO, et al.,<br><br>           Defendants. | No. 2:24-cv-0773 DB P<br><br><br>ORDER |

Plaintiff, an Oregon state prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. §1983. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

Plaintiff challenges a 2017 arrest by the Sacramento Police Department. Plaintiff's claim appears to be untimely. For actions under 42 U.S.C. § 1983, the court applies California's "statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); see also Azer v. Connell, 306

1

1  F.3d 930, 935-36 (9th Cir. 2002).  In California, the statute of limitations for personal injury

2  actions is two years.  See Cal. Code Civ. Proc. § 335.1; Maldonado v. Harris, 370 F.3d 945, 954-

3  55 (9th Cir. 2004).  This limitations period is statutorily tolled for a period of two years for a

4  person who is, "at the time the cause of action accrued, imprisoned on a criminal charge, or in

5  execution under the sentence of a criminal court for a term less than for life."  See Cal. Code Civ.

6  Proc. § 352.1(a); Johnson v. State of California, 207 F.3d 650, 654 (9th Cir. 2000).  A prisoner

7  under a life sentence without the possibility of parole is not entitled to this two-year statutory

8  tolling.  See Brooks v. Mercy Hosp., 1 Cal. App. 5th 1 (2016) (holding that prisoners under

9  sentence of life with the possibility of parole are entitled to the benefit of the tolling provision).

10  "Under California law, a plaintiff must meet three conditions to equitably toll a statute of

11  limitations: (1) defendant must have had timely notice of the claim; (2) defendant must not be

12  prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct

13  must have been reasonable and in good faith."  Fink v. Shedler, 192 F.3d 911, 916 (9th Cir. 1999)

14  (citation omitted); see also Lantzy v. Centex Homes, 31 Cal. 4th 363, 370 (2003) ("This court has

15  applied equitable tolling in carefully considered situations to prevent the unjust technical

16  forfeiture of causes of action, where the defendant would suffer no prejudice."); but see Diggs v.

17  Williams, No. CIV S-05-1168 DFL GGH P, 2006 WL 1627887, at *3 (E.D. Cal. June 8, 2006)

18  ("California courts have declined to find equitable tolling in cases where the plaintiff's own

19  conduct delayed the prosecution of his previous action."), rep. and reco. adopted, 2006 WL

20  2527949 (E.D. Cal. Aug. 31, 2006).

21  "Although state law determines the length of the limitations period, 'federal law determines

22  when a civil rights claim accrues.'" Azer, 306 F.3d at 936 (quoting Morales v. City of Los

23  Angeles, 214 F.3d 1151, 1153-54 (9th Cir. 2000)).  "Under federal law, a claim accrues when the

24  plaintiff knows or has reason to know of the injury which is the basis of the action." TwoRivers

25  v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999).

26  Plaintiff is complaining of conduct that occurred in 2017.  Even if plaintiff is entitled to an

27  additional two years of tolling to file suit, the statute of limitations expired in 2021.  Plaintiff will

28  ////

be given the opportunity to show why this action should not be dismissed because it was filed beyond the statute of limitations.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED that within thirty days, plaintiff shall file a response to this order regarding the application of the statute of limitations.  If plaintiff fails to file that response, this court will recommend this action be dismissed.

Dated:  June 18, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9/
DB prisoner inbox/civil rights/S/tayl0773.scrn sl osc

3