UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JERMEL ARCILICIA TAYLOR, | No. 2:24-cv-0773 WBS SCR |
| Plaintiff, | |
| v. | ORDER |
| CITY OF SACRAMENTO, CA, et al., | |
| Defendant. | |

----oo0oo----

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action on March 8, 2024 seeking relief under 42 U.S.C. § 1983.  Plaintiff alleges that he was tackled to the ground and arrested in the "Winter 2017 at/around 10:00 pm on a Sat" because he was holding a sign saying "Barnes and Noble is racist."  (See Docket No. 2 at 5.)  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

In an Order filed and served upon plaintiff on June 20, 2024, the originally assigned Magistrate Judge, pursuant to her

1

1  duty to screen prisoner complaints under 28 U.S.C. § 1951A(a),
2  explained that plaintiff's claims appeared to be barred by
3  California's two-year statute of limitations for personal injury
4  actions, even assuming defendant was entitled to two years of
5  statutory tolling under Cal. Code Civ. Proc. § 352.1(a).  (Docket
6  No. 8 at 2.)

7       The Magistrate Judge's Order also set forth the
8  requirements of equitable tolling under California law and noted
9  that under federal law, a civil rights claim accrues when the
10 plaintiff knows or has reason to know of the injury which is the
11 basis of the action.  (Id. (quoting, inter alia, TwoRivers v.
12 Lewis, 174 F.3d 987, 991 (9th Cir. 1999).)  The Magistrate Judge
13 then concluded that the statute of limitations appeared to have
14 run in 2021 and ordered defendant to file a response within
15 thirty days regarding the application of the statute of
16 limitations.  The Magistrate Judge further explained that if
17 plaintiff failed to file a response, she would recommend that the
18 action be dismissed.  (Id. at 2-3.)

19      Plaintiff did not file a response within thirty days,
20 and still has not filed a response as of today.  The newly
21 assigned Magistrate Judge[1] then issued findings and
22 recommendations on August 20, 2024, which were served on
23 plaintiff and which contained notice to plaintiff that any
24 objections to the findings and recommendations were to be filed
25 within twenty-one days.  (Docket No. 10.)  Neither party has

---

[1] This case was reassigned from United States Magistrate Judge Deborah Barnes to United States Magistrate Judge Sean C. Riordan on August 6, 2024.  (Docket No. 9.)

filed objections to those findings and recommendations.  The Magistrate Judge recommended that this case be dismissed, not because it is barred by the statute of limitations, but because plaintiff disobeyed a court order.

Dismissal of an action for failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b) is a sanction.  Edwards v. Marin Park, Inc., 356 F.3d 1058, 1063-65 (9th Cir. 2004) (dismissal for failure to follow a court order under Rule 41(b) "is deemed a sanction for disobedience").  As such, in determining whether to dismiss a case for failure to comply with a court order the district court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."  Hendrix v. Gomez, No. 2:21-cv-01062 WBS EFB, 2024 WL 216139, at *2 (E.D. Cal. Jan. 19, 2024) (collecting cases).

Because the Magistrate Judge's findings and recommendations do not perform that analysis, the court must review those factors now.  There is no denying that dismissal of this action for plaintiff's failure to respond to the Magistrate Judge's order to file a response addressing the statute of limitations assists the court in managing its docket.  However, as this court has previously noted, it is important that we as judges not appear to be placing our own convenience in managing our caseload over the interests of the litigants in having their cases adjudicated on the merits of the issues presented.  See

1 | Perry v. Brevick, No. 2:21-cv-00065 WBS KJN, 2024 WL 345976, at
2 | *2 (E.D. Cal. Jan. 30, 2024).

3 |         Dismissal at the screening stage also serves to resolve
4 | the action promptly.  However, as this court has previously
5 | observed, "the speediest resolution is not always the most just.
6 | In our zeal to decide matters promptly, judges must not lose
7 | sight of our obligation to decide them fairly."  Hendrix, 2024 WL
8 | 216139, at *2 (citing Nealey v. Transportacion Maritima Mexicana,
9 | S. A., 662 F.2d 1275, 1279 (9th Cir. 1980)).  Here, the court
10 | concludes that this case can be resolved just as expeditiously,
11 | if not more so, by considering the merits of whether plaintiff's
12 | complaint appears to be barred by the statute of limitations and
13 | whether it accordingly states a claim upon which relief may be
14 | granted.  Doing so will result in no prejudice to defendant.

15 |         The remaining factors likewise disfavor dismissal of
16 | this action as a sanction for plaintiff's failure to file a
17 | response to the Magistrate Judge's order of June 20, 2024.
18 | Although the Magistrate Judge properly explained the statute of
19 | limitations and what is necessary to establish equitable tolling
20 | in her order, plaintiff as a prisoner proceeding pro se would
21 | have been unlikely be able to provide a response containing a
22 | discussion of the statute of limitations that would have assisted
23 | meaningfully in the screening process.  In the court's view, the
24 | less drastic remedy for plaintiff's failure to file a response is
25 | simply to assume that plaintiff had nothing more to offer by way
26 | of response and to decide the statute of limitations issue on the
27 | record before the court as it stands.

28 |         As the Magistrate Judge correctly noted, the statute of

limitations for personal injury actions in California is two years.  See Cal. Code Civ. Proc. § 335.1; Maldonado v. Harris, 370 F.3d 945, 954-55 (9th Cir. 2004).  Even assuming any claims arising from this alleged incident were statutorily tolled for two years under California law, see Cal. Code Civ. Proc. § 351.1(a),[2] the statute of limitations ran in 2021, absent equitable tolling.[3]  Further, there appears to be no basis for equitable tolling, and plaintiff has provided none.  Accordingly, plaintiff's complaint appears to be barred by the statute of limitations.

IT IS THEREFORE ORDERED that plaintiff's motions for leave to proceed in forma pauperis (Docket No. 1) and for relief (Docket No. 7) be, and the same hereby are, DENIED; and this case is HEREBY DISMISSED without prejudice for failure to state a claim which is not barred by the statute of limitations.

Dated:  October 2, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[2]  Section 351.1(a) provides that the statute of limitations is tolled for two years for a person who is "at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life."  Because plaintiff is currently housed at the Eastern Oregon Correctional Institute, it is possible that this section applies to plaintiff's claims.

[3]  As discussed above, a federal claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.  See TwoRivers, 174 F.3d at 991.  Given the nature of the alleged incident, plaintiff's claims appear to have accrued the day the episode occurred, "Winter 2017 at/around 10:00 pm on a Sat."  (See Docket No. 2 at 5.)